**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| SHEVON SCOTT, </br></br>　　　　　　PLAINTIFF, </br></br>　vs. </br></br>COUNTY OF CHARLESTON </br></br></br></br>　　　　　　DEFENDANTS | **COMPLAINT** </br> **Family And Medical Leave Act of 1993** </br></br> CASE NO. 2:24-cv-01507-BHH-MHC </br></br> **Jury Trial Demanded** |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff Shevon Scott (hereinafter "Plaintiff" or "Scott"), by and through her undersigned counsel, and files this Complaint for Damages against Defendant Charleston County, South Carolina (hereinafter "Defendant" or "the County") and respectfully shows this Court as follows:

### PARTIES

1. Plaintiff is a resident of Charleston County, South Carolina, within the district and division of this court.

2. Defendant Charleston County is a government body, established and operating under the laws of the State of South Carolina, and is located within the district and division of this Court.

### JURISDICTION

3. Plaintiff invokes the jurisdiction of this Court over a federal question pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq.

### VENUE

4. Venue is proper in that Plaintiff resides within the district and division of this Court, and the unlawful employment practices complained of herein occurred within the district and division of this Court. The government of Charleston County is located within the district and division of this Court.

## FACTUAL ALLEGATIONS

5. On November 8, 2019, Plaintiff filed with the EEOC a complaint against Defendant. The Complaint was referred to the South Carolina Human Affairs Commission (hereinafter "SCHAC"), and designated Complaint No. 1-20-231D, R, RET.

6. Subsequently, Defendant was provided with letters certifying Plaintiff's disabilities and she was provided accommodations authorizing her, as needed, to arrive at work later than her scheduled time.

7. Plaintiff's need for the accommodations was periodically recertified by her healthcare providers.

8. Beginning in late March and April of 2020, Plaintiff invoked these accommodations on numerous occasions, without repercussions or any notice that the accommodations interfered with her performance.

9. In fact, in some months, Plaintiff recorded more regular and overtime hours than anyone else in her department.

10. On or about June 1, 2020, Plaintiff complained to her employer about her treatment regarding FMLA leave and notified her employer she was targeted as an act of retaliation.

11. By letter of August 28, 2020, Plaintiff's psychiatrist, Dr. Khoa Vo, re-certified Plaintiff's need for accommodations. Defendant expressed no objection or concern about Plaintiff's continued reliance on the intermittent leave, or her job performance.

12. On September 16, 2020, the EEOC issued a Dismissal and Right to Sue letter in case Plaintiff filed on November 8, 2019.

13. On September 20, 2020, Plaintiff was unable to arrive at work at her scheduled time.

14. Although she had invoked the accommodation approximately 18 times over the prior six months, without counseling or even comment, on September 21, 2020, just four days after the EEOC issued its right to sue, Defendant counseled and warned Plaintiff to adhere to her scheduled arrival time.

15. On September 30, 2020, Defendant forced Plaintiff to take administrative leave with pay until she could obtain a certification of fitness for duty, although she had never had a problem performing her job.

16. Further, Defendant required her to obtain such certificate from a physician of Defendant's choosing.

17. Although Plaintiff was unclear on why such a certificate was needed or how it would be articulated, she fully cooperated with Defendant's attempts to schedule an appointment with a physician of their choosing.

18. Over the course of months, appointments were made, scheduled, re-scheduled, and cancelled by no fewer than three physicians, through no fault of Plaintiff.

19. By letter dated Friday January 22, 2021, Defendant informed Plaintiff, for the first time, that she was entitled to obtain a second opinion if she could do so by January 27. The letter was sent by first class mail. Plaintiff received the letter on January 25. By that time, Plaintiff had 48 hours to get an appointment, an evaluation, and a letter of opinion from a physician.

20. To her credit, Plaintiff was able to get a letter from her psychiatrist, but he sent the letter to her work email, from which she had already been locked out.

21. On January 28, 2021, Defendant, while continuing to demand a certificate of fitness for duty, unilaterally switched the nature of Plaintiff's leave from administrative leave with pay to leave under the Family and Medical Leave Act (hereinafter "FMLA").

22. At no time did Plaintiff request leave for any reason.

23. At no time did Plaintiff request administrative leave with pay.

24. At no time did Plaintiff request leave under the FMLA.

25. When Plaintiff was made aware her leave was converted to FMLA leave, she objected and complained to her employer that her being placed on FMLA was improper.

26. Subsequent to Plaintiff's complaints for being improperly forced on FMLA leave, Defendant terminated Platintiff's employment.

**FOR A FIRST CLAIM FOR RELIEF**

(Interference of Rights Under the FMLA)

27. Paragraphs 1-23 are incorporated herein by reference.

28. The FMLA requires covered employers to ensure that qualifying employee are entitled to protected leave for up to 12 weeks based on a serious health condition of the employee, or family member, or the birth or adoption of a child.

29. An employer may not force an employee to take leave protected under the FMLA.

30. It is a form of interference with an employee's FMLA rights to compel the employee to take leave and to unilaterally characterize it as FMLA leave.

31. Among other things, doing so artificially depletes the employee's bank of available leave.

32. Defendant intentionally and willfully characterized Plaintiff's involuntary absences as taken under the FMLA to deplete any leave she might have otherwise had available.

33. Defendant intentionally and willfully characterized Plaintiff's involuntary absences as taken under the FMLA so that her separation would be considered voluntary once her available leave was exhausted.

34. Defendant interfered with Plaintiff's rights under the FMLA by deducting the amount of eligible leave she would have otherwise been entitled to under the FMLA.

35. Defendant interfered with Plaintiff's rights under the FMAL when it improperly forced Plaintiff to use FMLA leave in an effort to prevent her from accessing or requesting leave

36. Defendant interfered with Plaintiff's rights under the FMLA by terminating her employment.

37. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

38. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff.

## FOR A SECOND CLAIM FOR RELIEF
(Unlawful Retaliation Under the FMLA)

39. Paragraphs 1-23 are incorporated herein by reference.

40. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

41. Plaintiff engaged in activity protected by the FMLA when she made complaints about her treatment of being forced to take FMLA leave.

42. Plaintiff engaged in activity protected by the FMLA she complained about how Defendant treated her previous requests and use of FMLA leave.

43. Defendant terminated Plaintiff's employment because she complained about her

treatment of being forced to take FMLA leave.

44. Subsequent to and in retaliation for Plaintiff making complaints about being forced to take FMLA leave, Defendant terminated Plaintiff's employment.

45. Defendant terminated Plaintiff's employment because she complained about how Defendant treated her previous requests and use of FMLA leave.

46. Subsequent to and in retaliation for Plaintiff filing for FMLA leave, Defendant terminated Plaintiff's employment.

47. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorneys' fees and costs and prejudgment interest.

48. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff.

WHEREFORE, Plaintiff requests a jury trial for each cause of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

**EMERSON LAW, LLC**

By: s/John F. Emerson
John F. Emerson, Esq., Fed. ID No.: 5900
1470 Ben Sawyer Blvd., Suite 15
Mt. Pleasant, SC 29464
Tel: (843) 929-0606
Email: john@johnemersonlaw.com

**FERGUSON LAW AND MEDIATION, LLC**
Emmanuel J. Ferguson, Sr.
Federal Bar No. 11941
171 Church Street, Suite 160

        Charleston, South Carolina 29401
        (843) 491-4890   Telephone

***Attorneys for Plaintiff***

March 27, 2023
Mt. Pleasant, S.C.

## CERTIFICATE OF SERVICE

This is to certify that I have, this date, caused to be served a copy of Plaintiff's Responses to Defendant's First Set of Requests for Production on counel for Plaintiff via United States First Class Mail, with proper postage affixed, and addressed as follows:

Bob C. Conley, Esq.
Cleveland & Conley, LLC
71 Church Street, Suite 310
Charleston SC 29401
Tel: 843/577-9626
bconley@clevelandlaborlaw.com

ATTORNEYS FOR DEFENDANT

_____
John F. Emerson
Attorney for Plaintiff

August 25. 2023